**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2404
_____

EDWARD SMITH,
                    Appellant

v.

LEO DUNN, Chairman of Pennsylvania Board of Probation and Parole;
JOHN DOE, Records Officer at SCI Pgh, April 2001
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-00212)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 22, 2022
Before:  RESTREPO, PHIPPS and COWEN[*], Circuit Judges

(Opinion filed: April 5, 2022)

---

[*] The Honorable Robert E. Cowen participated in the decision in this case. Judge Cowen assumed inactive status on April 1, 2022 after submission date, but before the filing of the opinion.  This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) and Third Circuit I.O.P. Chapter 12.

_____

OPINION[†]

_____

PER CURIAM

Edward Smith, proceeding pro se, appeals from the District Court's order dismissing his complaint. For the following reasons, we will affirm.

I.

Smith is a Pennsylvania prisoner who was previously incarcerated at SCI-Pittsburgh. In February 2018, he commenced this action under 42 U.S.C. § 1983 against an unidentified (John Doe) Records Officer at SCI-Pittsburgh and Leo Dunn, the former Chairman of the Pennsylvania Board of Probation and Parole. In the operative second amended complaint, Smith claimed that the defendants violated his Eighth Amendment rights by failing to correct an error in his sentence calculation.

Specifically, Smith alleged that he contacted the Records Officer in April of 2001 and asked him to investigate whether his sentence had been inaccurately recorded, but the Records Officer never did so. Smith alleged that he also notified defendant Dunn of the error and asked him to "rescind and void" the parole violations he had incurred between January 2002 and April 2016 because "no sentence order existed or was valid to justify any and all parole violations during those years." Second Am. Compl. 3, ECF No. 74.

[†] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

According to Smith, Dunn likewise failed to take action. Lastly, Smith asserted that in 2014, while he was being held as a parole violator in a halfway house, he developed an infection that required hospitalization and surgery. According to Smith, he "would never have been in this situation had a valid order been issued while [he] was on parole in 2001." Id. at 5. Smith sought compensatory and punitive damages; a declaration that his constitutional rights had been violated; a declaration that the relevant parole violations were void; and an order directing the defendants to correct his records.

The defendants moved to dismiss the second amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The matter was referred to a Magistrate Judge who reviewed Smith's criminal history and explained that Smith's claims stem from an error as to whether the sentences he incurred for two robbery convictions in 1983 were intended to run concurrently or consecutively. The Magistrate Judge explained as follows.

First, on April 15, 1983, Smith was sentenced on a robbery conviction in the Court of Common Pleas of Allegheny County to a prison term of five years, ten months to eleven years, eight months. Approximately two months later, on or about June 9, 1983, he was sentenced on an unrelated robbery conviction to a prison term of ten years to twenty years. The sentencing order in the latter case specifically stated that "This sentence to begin and take effect at the expiration of sentence Defendant is now serving." Smith did not begin to serve the April 15, 1983 sentence until August 4, 1986, when he

3

had completed a prior sentence. At that time, the DOC calculated the two sentences to run consecutively resulting in an aggregate sentence of fifteen years, ten months to thirty-one years, eight months. Based on an aggregate sentence calculation, the DOC determined Smith's minimum date to be August 8, 2001, and maximum date to be June 8, 2017.

In 2001, Smith filed a petition pursuant to Pennsylvania's Post-Conviction Relief Act (PCRA) asserting that his sentences had been miscalculated. On January 25, 2002, the Court of Common Pleas granted Smith's petition and vacated the sentence imposed on June 9, 1983. The PRCA court again sentenced Smith to ten-to-twenty years' imprisonment but gave him 5,594 days' credit for time served. It appears, however, that the PCRA court's vacate order was never issued. More than fourteen years later, on October 5, 2016, the PCRA court recognized the error and reissued the January 25, 2002 order. The Parole Board and Department of Corrections (DOC) then modified its calculations accordingly.[‡]

Having reviewed the state-court and Parole Board records, the Magistrate Judge determined that Smith had failed to state Eighth Amendment claims against the Records Officer and Dunn because he had not alleged that they were personally involved in any wrongdoing, as required to obtain relief under 42 U.S.C. § 1983. The District Court

---

[‡] Smith was incarcerated on other charges at that time.

agreed and, over Smith's objections, dismissed the second amended complaint. Smith appealed.

## II.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. We exercise plenary review over a district court's dismissal pursuant to Rule 12(b)(6). Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We may affirm on any grounds supported by the record. See Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

## III.

We will affirm the District Court's dismissal of Smith's first two claims on alternative grounds. First, Smith's claim against the Records Officer was time-barred. The statute of limitations for a § 1983 claim is governed by Pennsylvania's two-year limitation period for personal injury claims. See Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). A cause of action accrues "when the plaintiff knew or should have known of the injury upon which the action is based." Sameric Corp. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998). In this case, Smith's claim against the Records Officer clearly accrued in April 2001, when the Records Officer allegedly failed to investigate Smith's sentence calculation. Smith then had two years, or until April 2003, to initiate a § 1983

5

action. This action, initiated in 2018, is untimely. Although Smith attempts to avoid this conclusion by invoking the "continuing violation doctrine," he does not allege that the Records Officer took any affirmative actions after April 2001. Therefore, that doctrine does not apply. See Cowell v. Palmer Twp., 263 F.3d 286, 293 (3d Cir. 2001) ("[A] continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." (quotation marks omitted)).[§]

Second, Smith's claim against Dunn—that Dunn "failed to rescind and void" the parole violations Smith incurred between 2002 and 2016—cannot be brought under § 1983 because it is a challenge to the fact of those convictions and not the conditions of his confinement. See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). To the extent that Smith meant to assert that Dunn violated his constitutional rights by failing to remove these parole violations from his records, such claim is barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477, 487 (1994) (holding that a § 1983 suit should be dismissed when a "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"). Furthermore, Smith failed

---

[§] Smith also alleged that the Records Officer affirmatively changed his sentence calculation, but Smith did not provide any additional facts to support this allegation. As a result, Smith did not state a facially plausible claim in this regard. See Iqbal, 566 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

6

to plead facts from which we can infer that Dunn was personally involved in any misconduct. See Durmer v. O'Carroll, 991 F.2d 64, 69 n.14 (3d Cir. 1993) ("Respondeat superior is, of course, not an acceptable basis for liability under § 1983.").

Lastly, we see no error in the District Court's determination that Smith failed to state an Eighth Amendment claim against the defendants based on their alleged deliberate indifference to his medical needs. To state an Eighth Amendment claim in this context, Smith was required to allege that "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003). Smith did not allege sufficient facts to support an inference that either defendant had any reason to know of, much less be deliberately indifferent to, the health conditions he suffered while he was housed in a halfway house.[**]

IV.

Accordingly, we will affirm the District Court's judgment.

---

[**] The District Court acted within its discretion in declining to exercise supplemental jurisdiction over Smith's false imprisonment claim. See Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995).